UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ESTEBAN FERNANDEZ,

            Plaintiff,

v.

            Case No.:

NATIONAL COMMERCIAL CLEANING
SERVICES, INC. D/B/A ALL COUNTY
MAINTENANCE SERVICES,

            Defendant.

## COMPLAINT

Plaintiff ESTEBAN FERNANDEZ ("Plaintiff") sues defendant NATIONAL COMMERCIAL CLEANING SERVICES, INC. D/B/A ALL COUNTY MAINTENANCE SERVICES ("Defendant") and alleges as follows:

## NATURE OF ACTION

This action arises out of Plaintiff's employment relationship with Defendant, including his discrimination, wrongful discharge, and retaliation in violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq.* ("FCRA"); the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634; and the Americans with Disabilities Act as Amended ("ADA"), 42 U.S.C. § 12101, *et seq.* on account of his age and disability.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3) and (4) and 28 U.S.C. § 1367(a). The jurisdiction of this Court is further invoked to secure protection for and to redress the deprivation of rights protected by the ADA, the FCRA, as well as § 440.205, Fla. Stat.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts complained of by the Plaintiff occurred within this judicial district and because Defendant has a principal place of business within this judicial district.

## PARTIES

3. At all times material, Plaintiff was a resident of Broward County, Florida.

4. At all times material, Plaintiff was an "aggrieved person" as defined by Fla. Stat. § 760.02(10).

5. At all times material, Plaintiff was an employee as defined by the ADA and the ADEA.

6. Defendant is a Florida corporation which maintains a business at 1500 W. Copans Road, Suite A-6, Pompano Beach, FL 33064, where Plaintiff used to work.

7. At all times material, Defendant was a "person" and "employer" as defined by the ADA, 42 U.S.C. § 12111(5); the ADEA, 29 U.S.C. § 630(b); and Fla. Stat. § 760.02(7).

8. At all times material, Defendant employed twenty (20) or more employees for the applicable statutory period and it is subject to the employment discrimination provisions of the ADA, ADEA, and the FCRA.

9. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with all conditions precedent in filing this action, to wit:

      a.      On December 7, 2020, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against the Defendant.

      b.      Plaintiff was issued a Notice of Right to Sue as to his charge of discrimination on October 12, 2021.

      c.      More than 180 days have passed since the filing of Plaintiff's charge of discrimination with the EEOC.

11. All other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## **GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

12. Plaintiff is a 72-year-old man.

13. Plaintiff began working for Defendant on or about March 16, 2019, as a maintenance person.

14. During his employment with Defendant, Plaintiff was a good employee.

15. Plaintiff has a condition in his knee which causes him severe pain.

16. On or about June 17, 2020, Plaintiff was approached by his supervisor who told him that he needed to let Plaintiff go because he was worried about Plaintiff's health and age.

17. Plaintiff's supervisor also suggested that Plaintiff's health and age were a liability to the Defendant because the nature of the work required Plaintiff to work outdoors.

18. Plaintiff's condition in his knee and his age never got in the way of Plaintiff providing good performance as a maintenance person throughout his employment with Defendant.

19. Plaintiff was then terminated.

20. Upon information and belief, Defendant filled Plaintiff's position with a younger, non-disabled individual who was at the time approximately 25 years old.

21. Plaintiff's termination in June of 2020, was an act of discrimination due to Plaintiff's age and disability, or perceived disability.

## COUNT I:
## VIOLATION OF THE ADEA BY DEFENDANT – DISPARATE TREATMENT

22. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 21, as if fully stated herein.

23. Plaintiff was 71 years old and qualified for his position when Defendant fired him.

24. At the time of Plaintiffs termination, Plaintiff's supervisor made discriminatory comments to Plaintiff regarding his age.

25. Immediately after terminating Plaintiff, Defendant hired a 25-year-old individual to replace him.

26. Plaintiff's age was a motivating factor in the termination of Plaintiff[1].

27. As a direct and proximate result of the intentional violations of the ADEA by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

---

[1] Defendant claims that Plaintiff was terminated as a result of the instructions of a third party who did not want Plaintiff to work at its premises. Should discovery reveal that the third party discriminated on the basis of age, Plaintiff will amend the complaint to sue the third party (as a joint employer, an agent, or an integrated enterprise) for intentional discrimination and tortious interference with an employment contract.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the discrimination provisions of the ADEA;

B. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefit and damages;

C. Award Plaintiff back pay, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

D. Award Plaintiff liquidated damages under the ADEA;

E. Award Plaintiff prejudgment interest on his damages award;

F. Award Plaintiff reasonable costs and attorney's fees; and

G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT II:
## VIOLATION OF THE FCRA BY DEFENDANT –
## DISPARATE TREATMENT – AGE DISCRIMINATION

28. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 21 as if fully stated herein.

29. At all times material to this action, Defendant engaged in unlawful discrimination against Plaintiff due to his age, in violation of the FCRA.

30. Plaintiff is over 40 years old and is within a protected class.

31. Plaintiff was qualified to perform his job.

32. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated younger employees in the terms and conditions of his employment by, *inter alia*, terminating Plaintiff due to his age.

33. The motivating factor that prompted Defendant to discriminate against Plaintiff depriving him of equal employment opportunities was Plaintiff's age.

34. Upon information and belief, Plaintiff's position with Defendant was filled by an employee who is younger than Plaintiff.

35. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

36. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B. Award Plaintiff punitive damages and actual damages suffered, including lost wages, loss of fringe benefits and other damages;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Award Plaintiff back pay, interest, front pay (or reinstatement), and any other damages allowed under the FCRA;

E. Award Plaintiff prejudgment interest on his damages award;

F. Award Plaintiff reasonable costs and attorney's fees; and

G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT III:
### VIOLATION OF THE ADA BY DEFENDANT - DISCRIMINATION

37. Plaintiff repeats and realleges the allegations contained in paragraphs 1-21, as if fully stated herein.

38. Plaintiff has a condition which causes severe pain in his knees. As a result, Plaintiff walks normally, but with visible difficulty.

39. Plaintiff's condition qualified as a disability or was regarded as a disability by Defendant, within the meaning of the ADA.

40. Defendant was aware of Plaintiff's medical condition.

41. At all times during his employment, Plaintiff was qualified to perform the essential functions of his position with or without reasonable accommodations.

42. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of his employment.

43. Defendant terminated Plaintiff because of his disability, in violation of the ADA.

44. As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

45. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the discrimination provisions of the ADA;

B. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefit and damages;

C. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Award Plaintiff back pay, interest, front pay (or reinstatement), and any other damages allowed under the ADA;

    E. Award Plaintiff prejudgment interest on his damages award;

    F. Award Plaintiff reasonable costs and attorney's fees; and

    G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT IV:
## VIOLATION OF THE FCRA – DISABILITY DISCRIMINATION

46. Plaintiff repeats and realleges the allegations contained in paragraphs 1-21, as if fully set forth herein.

47. Defendant's treatment of Plaintiff as described above is based on Plaintiff's disability or Defendant's perception of the same.

48. Defendant did not treat similarly situated, non-disabled individuals in the same manner.

49. Defendant thereby discriminated against Plaintiff in the terms, conditions and benefits of his employment in violation of the FCRA.

50. Plaintiff has been subjected to disparate treatment because of his disability or handicap in violation of the FCRA, and because of such actions by Defendant he has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

51. Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FCRA.

52. As a direct and proximate result of the above-described actions of Defendant Plaintiff has suffered, is no suffering, and will continue to suffer, emotional pain and mental anguish.  Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE,** Plaintiff requests that this Honorable Court:

8

A. Issue a declaration that the acts and practices of Defendant complained of in this Complaint are in violation of the FCRA;

B. Award actual damages suffered, including lost wages, loss of fringe benefits and damages;

C. Award compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

D. Award punitive damages, according to proof;

E. Award Plaintiff the costs of this action together with reasonable attorney's fees as provided by the FCRA; and

F. Award any other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

DATED: November 24, 2021.                Respectfully submitted,

**s/ Tanesha W. Blye**
Tanesha W. Blye, Esq. (FBN: 738158)
E-mail: tblye@saenzanderson.com

Aron Smukler, Esq. (FBN: 297779)
E-mail: asmukler@saenzanderson.com

R. Martin Saenz (FBN: 0640166)
E-mail: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*